IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLIE BALTRUSCH                                                    PLAINTIFF

v.                           Civil No. 5:26-cv-05073-CDC

SIMMONS PREPARED FOODS                                              DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff Charlie Baltrusch, who is currently incarcerated at the Arkansas Division of Correction's Delta Regional Unit in Dermott, Arkansas, proceeds *pro se* and *in forma pauperis*.  The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B), the case will automatically be reassigned to a United States District Judge and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).  For the reasons given below, the undersigned recommends that this case be DISMISSED WITHOUT PREJUDICE.

**I.  BACKGROUND**

On June 20, 2023, Plaintiff, who was employed at Simmons Prepared Foods facility in Gentry, Arkansas, was walking to work when he was hit by a Kansas City Southern Railway Company train.  Deputies from the Benton County Sheriff's office responded to the scene of the accident.

Plaintiff has filed three separate lawsuits in federal court regarding that event and its aftermath.  All three complaints were filed in the Eastern District of Arkansas, on forms to be used

1

by prisoners in filing complaints under 42 U.S.C. § 1983; and all three lawsuits were transferred by that Court into this district. One of the lawsuits was brought against the Benton County Sheriff's office, regarding the manner in which they investigated the incident. Another of the lawsuits was brought against the Railway Company and several of its employees. And the third lawsuit was brought against Simmons, regarding Plaintiff's eventual loss of his job with that employer. The instant lawsuit is the one against Simmons.

## II. LEGAL STANDARD

Under § 1915(e)(2)(B), when a plaintiff is proceeding *in forma pauperis* the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

2

framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

At the outset, it should be noted that although this Complaint was submitted on a form to be used by prisoners in filing complaints under 42 U.S.C. § 1983, it does not appear to actually bring any claims under that statute.  Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978).  To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).  Plaintiff's claims in this case are brought only against his former employer, Simmons Prepared Foods—which is not a state actor and is not alleged to have been acting under color of law.  *See* ECF No. 2, pp. 3–4.

Plaintiff alleges that because of the injuries he suffered in the train wreck on June 20, 2023, he was unable to return to work at Simmons until June 25, 2023, at which time he was told by someone in the human resources office that he would need to get a doctor's note approving his return to work.  *See id.* at 3.  He claims that at this time he was given incorrect advice by that person, who told him that he could use up to two weeks of medical leave before losing his job— when in fact he could be fired if he merely missed more than five days within a single year because he held a "premium position."  *See id.*  Less than a week later, Plaintiff returned to Simmons to ask how much longer he had to procure a doctor's note, at which time a different human resources officer told him that he had already been terminated for having missed too many days.  *See id.* When he inquired about the discrepancy between what he was being told then and what he had previously been told on June 25, he was informed that the woman he spoke with on June 25 no

longer worked there, and that she had not entered any information about their conversation into the system before she quit. *See id.* He was further told that on August 25, 2023, he could reapply for his job. *See id.* at 4.

Plaintiff's Complaint does not identify any particular federal law that he believes Simmons violated. He simply asks that the Court require Simmons to compensate him for the "time missed from work resulting in my failure to keep housing and a job." *See id.* The undersigned is unable to identify any federal law that can plausibly be inferred from these facts to have been violated. The only possible candidate that occurs to the undersigned is the Family and Medical Leave Act ("FMLA"), which protects the rights of eligible employees to take up to twelve weeks of unpaid medical leave under certain circumstances. *See* 29 U.S.C. § 2612(a). However, these FMLA protections are only available to "eligible employees," which the FMLA defines as someone who has been employed for at least 12 months by the employer from whom leave was requested, and for at least 1,250 hours of service during the preceding 12-month period. *See id.* at § 2611(2)(A). Plaintiff does not allege anywhere in his Complaint that he met these eligibility requirements in June 2023. *See generally* ECF No. 2. And in fact, the Complaint in one of his other related lawsuits specifically alleges that at the time of his accident with the train, he had only been released from the Florida Department of Corrections seven months earlier, and had only moved to Arkansas from Florida three months before the collision. *See* Case No. 5:26-cv-5046, ECF No. 2. So, to whatever extent Plaintiff might be attempting to assert an FMLA claim in the instant lawsuit, he has failed to allege sufficient facts on which a claim for relief may be granted under that statute.

If, on the other hand, Plaintiff is instead attempting to assert a claim against Simmons under Arkansas state law, perhaps for breach of contract or for some form of wrongful termination, then this Court lacks subject-matter jurisdiction to hear his case. Federal courts are courts of limited jurisdiction, and in civil cases where the plaintiff is not bringing any federal claim, federal courts

4

generally lack jurisdiction to hear the plaintiff's state-law claims unless the lawsuit is between citizens of different states and involves an amount in controversy exceeding $75,000.00. *See* 28 U.S.C. § 1332(a). The only information that Plaintiff has alleged regarding the parties' states of residency are Arkansas addresses for both Plaintiff and Simmons. *See* ECF No. 2, p. 1. Plaintiff also has not alleged any facts from which the Court could plausibly infer that he is seeking more than $75,000.00 in damages from Simmons.

## IV.  CONCLUSION

For these reasons, it is recommended that the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and for lack of subject-matter jurisdiction.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **1st day of June 2026**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE